**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Miguel Angel GUTIERREZ–CHAVEZ,**
**Defendant–Appellant.**

No. 07–50965
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender Donna F. Coltharp, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Miguel Angel Gutierrez–Chavez appeals his sentence following his guilty plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. The district court enhanced Gutierrez–Chavez's sentence by eight levels based on a determination that his second state law conviction for possession of marijuana qualified as an "aggravated felony."

Gutierrez–Chavez contends that in light of the Supreme Court's decision in *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), his second state law conviction does not qualify as an aggravated felony. In *United States v. Cepeda–Rios,* 530 F.3d 333, 335–36 (5th Cir.2008), we rejected the same arguments made by Gutierrez–Chavez in this appeal. For the reasons set forth in *Cepeda–Rios,* we also affirm Gutierrez–Chavez's sentence.

In light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Gutierrez–Chavez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.